**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**State of West Virginia**
**Petitioner Below, Respondent**

**vs.)  No. 21-0346** (Fayette County No. 20-F-86)

**Teresa A. Stine,**
**Respondent Below, Petitioner**


**MEMORANDUM DECISION**


Petitioner Teresa A. Stine appeals the March 22, 2021, order of the Circuit Court of Fayette County that sentenced her to an indeterminate term of one to five years in prison for her guilty plea to one count of delivery of a controlled substance.[1]

On August 18, 2020, petitioner pleaded guilty to one count of delivery of a controlled substance. In return, the State dismissed a second drug charge and forewent recidivist proceedings. The circuit court accepted petitioner's plea. A presentence investigation revealed that petitioner had a long criminal history, tested positive for fentanyl the day after she entered her plea, accepted no responsibility for her actions, and would likely fail to meet the conditions of probation.

Thereafter, the circuit court ordered petitioner to participate in a presentence psychological evaluation. The evaluator had petitioner complete the Minnesota Multiphasic Personality Inventory-2-Restructured Form (the "MMPI"), a self-report measure of adult psychopathology, but found petitioner's results invalid and uninterpretable due to her unscorable responses and over-reporting. Therefore, the evaluator relied upon an MMPI petitioner successfully completed during her prior incarceration, in 2012, which indicated she had "antisocial personality features" and "use disorders" for opioids, cannabis, and alcohol. The evaluator also noted that petitioner had an extensive history of behavioral problems and that "[p]rior efforts at community-based sentences have been troublesome" because petitioner "has absconded and/or continued to use drugs and incur additional legal charges." The psychologist concluded that petitioner's behavioral issues and antisocial personality disorder required intensive supervision and monitoring, making petitioner a poor candidate for a community-based sentence.

---

[1] Petitioner appears by counsel Brandon S. Steele. The State appears by counsel Patrick Morrisey.

Petitioner requested a probationary sentence. However, neither she nor her counsel objected to the circuit court's consideration of the psychologist's evaluation that, in part, relied upon the 2012 MMPI delineating the issues that made petitioner a poor candidate for probation. By order entered on March 22, 2021, the court denied petitioner's probation request and sentenced petitioner to one to five years in prison, noting petitioner's long history of substance abuse/mental health issues and extensive criminal history. The circuit court later refused petitioner's motion to reconsider the sentence.

Petitioner now appeals arguing that the trial court plainly erred in basing its sentencing decision on her past failures to seek treatment for her mental health issues. Petitioner also argues that the trial court's reliance upon the psychologist's report was plain error because the psychologist relied on the 2012, MMPI results. Petitioner admits that the plain error doctrine applies because her trial counsel did not object to the circuit court's consideration of the psychiatrist's report. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). On appeal, petitioner fails to identify any error by the circuit court and, moreover, wholly fails to articulate the plain error standard or show that her case satisfies any of the four elements required under that standard. Accordingly, we find no error.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn